UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAL REED,<br><br>                          Petitioner,<br><br>v.<br><br>UNKNOWN,<br><br>                          Respondent. | Case No.:  24-cv-0355-MMA (VET)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Mychal Reed ("Petitioner"), a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus filed under 28 U.S.C. § 2254. Doc. No. 1. For the reasons discussed below, the Petition is dismissed without prejudice.

**FAILURE TO SATISFY FILING FEE REQUIREMENT**

Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis ("IFP").[1]  The Court cannot proceed until Petitioner has either paid the

---

[1] Petitioner indicates that prison officials "are refusing" to provide him with a certified copy of his trust account statement to complete an IFP application and requests both (1) an IFP application and (2) an order directing prison officials to comply "if" such officials refuse to do so. *See* Doc. No. 1-5 at 43. Given Petitioner has not submitted an IFP application to date in the instant case and the Court now directs the Clerk to send Petitioner an IFP application, *see below*, the Court finds any such order unnecessary at present.

1

$5.00 filing fee or qualified to proceed in forma pauperis. *See* Rules Governing § 2254 Cases, Rule 3(a), 28 U.S.C. foll. § 2254.

## FAILURE TO USE PROPER FORM

A Petition for Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the Southern District of California. *See* Rules Governing § 2254 Cases, Rule 2(c), 28 U.S.C. foll § 2254; *see also* CivLR HC.2(b). In order to comply with the Local Rules, the petition must be submitted upon a court-approved form and in accordance with the instructions approved by the Court. In this case, Petitioner has not submitted the petition on the approved form.

## FAILURE TO NAME A PROPER RESPONDENT

In addition, Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996), citing Rules Governing § 2254 Cases, Rule 2(a), 28 U.S.C. foll. § 2254. Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.*, quoting Rules Governing § 2254 Cases, Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note. Here, Petitioner has not named a Respondent. *See* Doc. No. 1. In order for this Court to entertain the Petition, Petitioner must name the warden in charge of the state correctional facility in which he is presently confined or the Director of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS

The Petition is also subject to dismissal because a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is not the proper vehicle for the contentions Petitioner presents. Challenges to the fact or duration of confinement are brought by petition for a

writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-500 (1973). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.* at 500. On the other hand, "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id.* at 499.

Petitioner does not raise any enumerated claims in the instant Petition, but upon review he appears to primarily challenge the validity of a November 4, 2021, guilty finding on charges of battery causing serious injury against another inmate at the Richard J. Donovan prison facility following a September 23, 2021, incident, which resulted in "32 points Bad Credit" and an institutional transfer, and the state appellate court's denial of his appeal. *See* Doc. No. 1 at 1-6. Petitioner also notes that he encountered problems investigating the incident, was allegedly prevented from attending the hearing, and was assaulted after his transfer to a new institution following the incident. *See id.* at 2.

While somewhat unclear in view of the lack of enumerated claims, it appears Petitioner seeks "relief" from the state appellate court's denial of his appeal, *see* Doc. No. 1 at 1, given he contends the guilty finding "will hinder him from attaining Relief of his extensive criminal sentence (LWOP)." *See id.* at 3. Petitioner indicates the violation "carries a credit forfeiture of 181-360 days in ASU unit or SHU unit" and he served 239 days in ASU in addition to the "bad credit" points and institutional transfer. *See* Doc. No. 1-2 at 2. Yet, Petitioner does not allege that any such relief, if granted, would result in his earlier or immediate release from imprisonment; he instead admits, and records reflect, that he is serving a term of life in prison without parole. *See* Doc. No. 1 at 3; *see also* Doc. No. 1-4 at 8, Doc. No. 1-5 at 22-23. While restoration of custody credits could conceivably fall within the scope of habeas review if it were to result in immediate or earlier release from custody, "[i]f the invalidity of the disciplinary proceedings, and therefore the restoration

good-time credits, would not necessarily affect the length of time to be served, then the claim falls outside the core of habeas and may be brought in § 1983." *Nettles v. Grounds*, 830 F.3d 922, 929 (9th Cir. 2016) (en banc), citing *Muhammad v. Close*, 540 U.S. 749, 754-55 (2004). Because Petitioner fails to allege that the restoration of lost credits or invalidation of bad credits would "necessarily" impact the length of his custody, his claims are not cognizable on habeas corpus. *Id.*

To the extent Petitioner also raises contentions about the conduct of the hearing, including the difficulties he encountered in investigating and attending, and the later assault after transfer, relief on such contentions would also not "necessarily" impact the length of his custody and thus also fall outside the core of habeas corpus and must be brought, if at all, in a § 1983 action. *Id.*; *see also Preiser*, 411 U.S. at 499.

## CONCLUSION AND ORDER

For the foregoing reasons, the Petition is **DISMISSED** without prejudice. If Petitioner wishes to proceed with his habeas case by challenging the fact or duration of his confinement, Petitioner must submit, no later than **April 29, 2024**, a copy of this Order along with **BOTH**: (1) a completed First Amended Petition form that cures the pleading deficiencies outlined in the instant Order **and** (2) either the $5.00 fee or adequate proof of Petitioner's inability to pay the fee. If Petitioner instead wishes to challenge the conditions of his confinement, he must file a new civil rights action pursuant to 42 U.S.C. § 1983, which will be given a new case number. The Clerk of Court is directed to send Petitioner a blank In Forma Pauperis Application, a blank 28 U.S.C. §2254 Amended Habeas Petition form, a blank 42 U.S.C. § 1983 Civil Rights Complaint form, and an in forma pauperis application together with a copy of this Order.

**IT IS SO ORDERED.**

Dated: February 28, 2024

_____
HON. MICHAEL M. ANELLO
United States District Judge